## GILES *v.* MERRITT.

Where the defendant at the request of the plaintiff deposited money of the plaintiff in a savings-bank in the defendant's name, upon the understanding that the plaintiff was to have the money whenever she wanted it, but if she never wanted it that it was to become the defendant's money at the plaintiff's death, and the defendant afterwards, without the knowledge or consent of the plaintiff, withdrew the money and converted it to her own use, an action for the recovery of the money can be maintained without a previous demand.

In such case, the statute of limitations runs from the time of the wrongful withdrawal of the money from the savings-bank.

ASSUMPSIT. Writ dated October 16, 1878. Plea, general issue and statute of limitations. Facts found by a referee. The defendant is a daughter of the plaintiff and Emerson Giles, who died in 1873. March 20, 1865, the plaintiff got the defendant to deposit $50 for her in the Meredith Bridge Savings-Bank, and a like amount August 28, 1867. At the time of the deposits the plaintiff was having trouble with her husband, and it was arranged between her and the defendant that the deposits should be made in the defend-

ant's name on her book, and they were so made; *that the deposits were to be a secret between them, and that, in case of the plaintiff's death the defendant could have the money, but if the plaintiff at any time wanted the money she was to have it.* August 20, 1877, the defendant, without the plaintiff's knowledge or consent, withdrew the deposits from the bank, and appropriated the money, then amounting to $196.71, to her own use. The plaintiff obtained the money deposited from sales of the products of the farm on which she and her husband then resided, of which sales the husband had knowledge. No demand was made for the money before this suit was brought. The referee found due the plaintiff the sum withdrawn from the bank, with interest from August 20, 1877.

*E. B. S. Sanborn*, for the plaintiff.

*Chase & Streeter*, for the defendant.

CLARK, J. The money delivered by the plaintiff to the defendant to be deposited in the bank was the plaintiff's money. It was received by the defendant, and deposited by her in her own name as the money of the plaintiff, and the defendant acquired no title to it by the transaction. The appropriation of the money to her own use by the defendant was a conversion, and no demand was necessary. *Whittier* v. *Whittier*, 31 N. H. 452, 462, 464, 465. The plaintiff's claim is not barred by the statute of limitations. The cause of action did not accrue until the money was wrongfully withdrawn from the bank and appropriated by the defendant.

*Judgment for the plaintiff.*

· BINGHAM, J., did not sit: the others concurred.